UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA

v.

FERNANDO GIL,

        Defendant.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 29, 2020

90-CR-306 (KMW)
**ORDER**

KIMBA M. WOOD, District Judge:

On January 28, 2020, Defendant Fernando Gil moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of his age and medical conditions. (ECF No. 539.) On April 28, 2020, Defendant filed a supplement to his initial motion, stating that his age and medical conditions place him at unique risk of death from the COVID-19 pandemic. (ECF No. 541.)

No later than May 8, 2020, Defendant shall inform the Court, by letter, whether he maintains his position, stated in his letter to the Warden of USP Victorville dated March 18, 2019, that, if granted compassionate release, he would return to Colombia. (ECF No. 539-1.)

No later than May 8, 2020, the Government shall respond to Defendant's motion. With its response, the Government shall provide the following information, after conferring with the Bureau of Prisons ("BOP") and the United States Probation Office as appropriate:

1. Whether the Government opposes Defendant's motion;

2. Whether the Government considers Defendant to have exhausted his administrative remedies, and, if not, whether the Government waives the statutory requirement of exhaustion;

3. The BOP's assessment of the factors listed in the Attorney General's Memorandum for Director of Bureau Prisons dated March 26, 2020 as they pertain to Defendant; who at the BOP assessed Defendant's risk factors for severe COVID-19 illness; and upon what information that person's assessment was made;

4. The criteria used by the BOP to decide whom to test for COVID-19 at USP Victorville, where Defendant resides;

5. Approximately how many tests for COVID-19 have been conducted at USP Victorville;

6. The number of inmates and staff who have tested positive and the number of inmates and staff who have tested negative for COVID-19 at USP Victorville, both as absolute numbers and as a percentage of the total population of inmates and staff at USP Victorville;

7. Whether Defendant has been in close proximity to any inmate or staff member who has tested positive for COVID-19;

8. The Government's assessment of the factors set forth in 18 U.S.C. § 3553(a) as they pertain to Defendant;

9. Defendant's disciplinary record in prison, risk of recidivism, risk of violence, and whether any conditions of supervised release should be imposed in the event Defendant is released;

10. Whether the BOP has considered or intends to consider Defendant for home confinement or furlough; by what date the BOP expects to make a determination regarding home confinement or furlough; and upon what specific information the BOP's determination will rely.

SO ORDERED.

Dated: New York, New York
April 29, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge