UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 22, 2020

-v.-

FERNANDO GIL,

                    Defendant.

-----------------------------------------------------------X

90-CR-306 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Fernando Gil has moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release, claiming that his age and medical conditions place him at a high risk of suffering severe illness should he contract COVID-19. The Government opposes his motion. Because Defendant's offense was extraordinarily serious, and because Defendant would pose a danger to the community were he to be released, Defendant's motion is DENIED.

## BACKGROUND

      Defendant was large-scale distributor of cocaine for the Medellin drug cartel. (Sentencing Tr. at 16, ECF No. 548-1.) On March 25, 1992, after a five-month jury trial, Defendant was found guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (ECF No. 294.) Defendant's offense level under the then-mandatory United States Sentencing Guidelines was 50, based on the quantity of cocaine involved in Defendant's offense, the involvement of firearms, Defendant's leadership role, and Defendant's obstruction of justice. (Sentencing Tr. at 44–45.) The Court imposed the required Guidelines sentence of life imprisonment. (*Id.* at 59.)

      On March 18, 2019, Defendant submitted a request to the Warden of the United States

Penitentiary in Victorville, California (the "Warden"), seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 539-1.)  The Warden denied Defendant's request on April 17, 2019.  (ECF No. 539-2.)  Defendant appealed the Warden's decision; on December 16, 2019, Defendant's appeal was denied.  (ECF No. 539-3.)

On January 28, 2020, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release from this Court due to his age and medical conditions.  (ECF No. 539.)  On April 28, 2020, Defendant filed a Supplement to his motion for compassionate release, arguing that he faces a heightened risk of death or serious illness due to his age and medical conditions should he contract COVID-19.  (ECF No. 541.)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant.  A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C.

§ 994(t)).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  An elderly defendant may also meet the standard if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  *Id.* cmt. n.1(B).  The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons."  *Id.* cmt. n.1(D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the BOP.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant's motion is properly before the Court because Defendant has exhausted his administrative remedies with the BOP.  The Court takes into account the argument, raised in Defendant's supplemental submission to the Court, that Defendant's age and medical conditions place him at serious risk from the COVID-19 pandemic.  *See United States v. Resnick*, 14-CR-810, 2020 WL 1651508, at *6 (S.D.N.Y. April 2, 2020) (McMahon, C.J.).

The Court finds that Defendant's age of 70 and his medical conditions, which include pre-diabetes, hypertension, hyperlipidemia, and latent tuberculosis, place Defendant at a

heightened risk of serious illness or death from infection with COVID-19. That heightened risk constitutes an "extraordinary and compelling" reason for compassionate release.

Nonetheless, the Court finds that releasing Defendant would be contrary to the Sentencing Commission's directive that courts should deny compassionate release to defendants who pose a danger to the community. The Court reaches this conclusion based on Defendant's offense, his conduct at trial, and his conduct while incarcerated. Defendant's crime was extraordinarily serious, involving the distribution of at least 1,653 kilograms of cocaine over a period of approximately four years. (Sentencing Tr. at 44, 52.) Numerous firearms, including Uzis, machine guns, and a loaded Magnum, were recovered from the horse ranch that was the base of Defendant's narcotics operations. (*Id.* at 34, 42–43.) At sentencing, the Court credited trial evidence that Defendant ordered the murder of one of his subordinates, Jairo Uribe, even though Defendant was not separately charged for that conduct. (*Id.* at 18–20.) The Court also found that, during trial, Defendant offered fabricated physical evidence and perjured testimony. (*Id.* at 39–41.) In 2017, while serving his life sentence, Defendant committed the disciplinary infraction of possessing a razor blade stuck in a piece of wood. (ECF No. 548-2.) Considering all this, the Court finds that Defendant would pose a danger to his community were he to be released.

As Defendant points out, some of the factors under 18 U.S.C. § 3553 weigh in Defendant's favor. For instance, reducing Defendant's sentence might better "provide the defendant with needed . . . medical care" were he to contract COVID-19, and Defendant's "history and characteristics" include treating his children, his wife, and some of his associates with kindness and decency. *See* 18 U.S.C. § 3553(a)(1), (2)(D). But, as the Court stated at sentencing, these positive attributes do not overcome the grave harm that Defendant caused by distributing such a large quantity of cocaine. (Sentencing Tr. at 56.) Moreover, as discussed, the

Court is concerned that, if released, Defendant would pose a danger to his community. Thus, the considerations that favor Defendant are outweighed by "the need for the sentence imposed to reflect seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(2)(B)–(D).

## CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction of his sentence under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
May 22, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge