UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA

           -against-

FERNANDO GIL,

                           Defendant.
----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/15/2022
```

90-CR-306 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Fernando Gil has filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 553.) The Government opposes Gil's motion. (Gov't Opp'n, ECF No. 555.) For the reasons set forth below, Gil's motion is DENIED.

## BACKGROUND

      Gil was a large-scale distributor of cocaine for the Medellin drug cartel. (Op. & Order at 1, ECF No. 550.)[1] He was responsible for the distribution of at least 1,653 kilograms of cocaine between December 1987 and May 1990. (*Id.* at 4; Gov't Opp'n at 1.) On March 25, 1992, after a five-month jury trial, Gil was found guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (Op. & Order at 1.) As required by the Federal Sentencing Guidelines, the Court sentenced Gil to life in prison. (*Id.*)

      On January 28, 2020, Gil filed a motion for compassionate release, citing his age, deteriorating health, and good behavior while incarcerated as reasons why his sentence should be reduced to time served. (Def.'s Jan. 28 Mot., ECF No. 539). On April 28, 2020, Gil filed a supplement to his motion, arguing that the COVID-19 pandemic further supported his request.

---

[1] *See United States v. Gil*, No. 90-CR-306, 2020 WL 2611872 (S.D.N.Y. May 22, 2020) (Wood, J.).

(ECF No. 541).

On May 22, 2020, the Court denied Gil's motion. (Op. & Order at 1.) The Court determined that Gil's age and his medical conditions placed him at a heightened risk of serious illness or death from COVID-19, which constituted an "extraordinary and compelling" reason for his release. (*Id.* at 3-4). Nevertheless, the Court denied Gil's request because the Court found that Gil continued to "pose a danger to the community" and the 18 U.S.C. § 3553 factors did not weigh in his favor. (*Id.* at 4-5). Gil appealed the Court's decision, which the Second Circuit affirmed. (ECF No. 552).[2]

On May 17, 2022, Gil filed the present motion for compassionate release, raising substantially the same arguments as in his earlier motion. (*See* Def.'s Mot.) The Government responded on July 29, 2022. (*See* Gov't Opp'n.) After requesting, and receiving, an extension of time to reply, Gil replied on September 06, 2022. (Def.'s Reply, ECF No. 558).

## LEGAL STANDARD

A court may reduce a defendant's sentence upon motion by the Director of the Bureau of Prisons ("BOP") or upon motion by the defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction" and such a reduction is consistent with the United States Sentencing Commission's "applicable policy statements" and the "factors set forth in 18 U.S.C. §3553(a)." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*

Congress delegated responsibility to the Sentencing Commission to "describe what

---

[2] *See United States v. Prada*, 852 F. App'x 32 (2d Cir. 2021).

2

should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or if, in the judgment of the BOP, the defendant's circumstances are "extraordinary and compelling" for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D). Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment. *See United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020) (Failla, J.). In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

## DISCUSSION

Gil's motion is properly before the Court. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Here, Gil submitted a request for compassionate release to the Warden of Federal Correctional Complex ("FCC") Victorville on September 8, 2021. (*See* Def.'s Mot., Ex. A.) More than 30 days have lapsed since the receipt of his request. Accordingly, Gil has exhausted his administrative remedies with the BOP.

In his motion, Gil argues that release is warranted because he is: (1) elderly; (2) being subjected to harsh prison conditions due to COVID-19; (3) a model prisoner; (4) at a heightened

3

risk of serious illness or death from COVID-19 due to his medical conditions; and (5) not a danger to the community because he will be removed to Colombia by Immigration and Customs Enforcement upon his release. (Def.'s Mot. at 1.) Gil essentially raised all of the aforementioned issues in his first motion for compassionate release. (*See* Def.'s Jan. 28 Mot.) In ruling on that motion, the Court rejected most of Gil's arguments but concluded that Gil's age and his medical conditions (*i.e.*, pre-diabetes, hypertension, hyperlipidemia, and latent tuberculosis) placed him at a heightened risk of harm from COVID-19 and that constituted an "extraordinary and compelling" reason for release. (Op. & Order at 3-4.)

Since Gil filed his first motion, however, the threat from COVID-19 has diminished nationwide and within the BOP. There are currently only three confirmed active cases of COVID at FCC Victorville, the facility at which Gil is housed, and the facility has implemented safety measures to reduce the risk of infection. *See* Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last updated Sept. 13, 2022, 3:00 PM). Furthermore, Gil has been double-vaccinated (*see* Def.'s Mot. at 9.), which means that he is less likely to contract or become seriously ill from COVID-19. *See, e.g.*, Ctr. for Disease Control & Prevention, *Overview of COVID-19 Vaccines*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html (last updated Sept. 2, 2022). Thus, even with his pre-existing conditions, Gil can no longer show that COVID-19 is an "extraordinary and compelling" reason for release. *See e.g.*, *United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated."); *United States v. Delgado*, 582 F. Supp. 3d 136, 140-141 (S.D.N.Y. 2022) (Wood, J.) (denying a defendant's motion for compassionate release despite defendant's diagnoses of obesity,

hypertension, diabetes, and neck pain because the defendant was "fully vaccinated.")

Because there are no "extraordinary and compelling" reasons warranting compassionate release in this case, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the foregoing reasons, Gil's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 553 and 557.

SO ORDERED.

Dated: New York, New York　　　　　　　　　　*/s/ Kimba M. Wood*
　　　　September 15, 2022　　　　　　　　　　KIMBA M. WOOD
　　　　　　　　　　　　　　　　　　　　　　United States District Judge