USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 07, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

                    -against-

FERNANDO GIL,

                            Defendant.

--------------------------------------------------------X

90-CR-306 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Fernando Gil, proceeding *pro se*, has filed a motion for reconsideration of the Court's September 15, 2022 Opinion and Order denying his second motion for compassionate release. (Def.'s Mot., ECF No. 560.) The Government opposes Gil's motion. (Gov't Opp'n, ECF No. 562.) For the reasons set forth below, Gil's motion is DENIED.

## BACKGROUND

Gil was a large-scale distributor of cocaine for the Medellin drug cartel. (Op. & Order at 1, ECF No. 559 ("2022 Op. & Order").) On March 25, 1992, after a five-month jury trial, Gil was found guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (*Id.*) The Court sentenced Gil to life imprisonment, as then required by the United States Sentencing Guidelines. (*Id.*)

On January 28, 2020, Gil filed his first motion for compassionate release. (Def.'s Jan. 28 Mot., ECF No. 539.) On April 28, 2020, Gil filed a supplement to his first motion. (Def.'s Suppl., ECF No. 541.) On May 22, 2020, the Court denied Gil's first motion for compassionate release. (*See* Op. & Order, ECF No. 550.) The Second Circuit later affirmed the Court's

decision.  *See United States v. Prada*, 852 F. App'x 32 (2d Cir. 2021) (summary order).

On May 17, 2022, Gil filed his second motion for compassionate release.  (Def.'s May 17 Mot., ECF No. 553.)  Gil argued that compassionate release was warranted because of his: (1) age; (2) experience in prison during COVID-19; (3) good conduct; and (4) heightened risk of experiencing complications from COVID-19.  (*Id.* at 1.)  Gil also argued that he did not pose a threat to the community, because Immigration and Customs Enforcement would remove him from the country upon his release.  (*Id.* at 1, 10–11.)  On September 15, 2022, the Court denied Gil's motion, finding that Gil failed to demonstrate that extraordinary and compelling reasons justified his release.  (2022 Op. & Order at 3–5.)

On October 3, 2022, Gil filed the present motion for reconsideration.  (Def.'s Mot.)  In his present motion, Gil advances substantially the same arguments that the Court rejected in ruling on his second motion for compassionate release.  (*See* Gov't Opp'n at 5.)  Gil contends that the Court failed to consider his argument that if he were sentenced today, he would receive a lesser sentence than life imprisonment because the Guidelines are no longer mandatory, and similarly situated defendants do not receive comparable sentences today.  (*See* Def.'s Mot. at 5–10; Def.'s Reply at 6–7, 9–10, ECF No. 563.)

Effective November 1, 2023, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual.  As relevant here, Section 1B1.13(b)(6) states: "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's

individualized circumstances."  U.S.S.G. § 1B1.13(b)(6).

On January 18, 2024, the Court ordered the Government to file "a supplemental letter addressing the merits of Gil's argument that the length of Gil's sentence (life), which was imposed pursuant to the-then mandatory Guidelines, constitutes an extraordinary and compelling reason justifying his release because similarly situated defendants would not receive a life sentence today."  (Order, ECF No. 564.)  In addition, the Court ordered the Government to address specifically "whether similarly situated defendants would receive a sentence comparable to Gil's, if sentenced today."  (*Id.*)

On February 1, 2024, the Government filed its supplemental letter arguing that Gil's motion for reconsideration should be denied.  (Gov't Suppl. Letter, ECF No. 565.)  The Government argues first that the Sentencing Commission exceeded its authority in promulgating Section 1B1.13(b)(6) and, therefore, it is not a valid basis for finding that an extraordinary and compelling reason exists to justify Gil's release.  (*Id.* at 1, 4–11.)  The Government argues next that even if Section 1B1.13(b)(6) is a valid basis for finding that an extraordinary and compelling reason may exist, Section 1B1.13(b)(6) does not apply here because Gil's sentence is not grossly disparate relative to the sentences imposed on similarly situated defendants today.  (*Id.* at 1, 11–12.)

On March 22, 2024, Gil filed his reply to the Government's supplemental letter.  (Def.'s Suppl. Letter, ECF No. 567.)

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  Three requirements must be met before a court can grant such relief.  First, a

defendant must "fully exhaust[ ]" all administrative remedies with the Bureau of Prisons. *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* Third, the Section 3553(a) sentencing factors must support early release. *Id.*

Pursuant to Local Criminal Rule 49.1(d), "[a] motion for reconsideration . . . shall be filed and served within fourteen (14) days after the Court's determination of the original motion [and set] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked[.]" Local Crim. R. 49.1(d). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Lisi*, No. 15-CR-457, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (Failla, J.) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). Reconsideration may be granted where the moving party meets the "heavy burden of showing 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *See e.g.*, *United States v. Frias*, No. 01-CR-307, 2022 WL 3700088, at *2 (S.D.N.Y. Aug. 26, 2022) (Keenan, J.). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Lisi*, 2020 WL 1331955, at *2 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

## DISCUSSION

Gil's motion fails because he does not identify a change in law, new evidence, or a clear error that warrants reconsideration of the Court's earlier decision. Gil advances substantially the same arguments contained in his second motion for compassionate release, which the Court already considered, and rejected. (*See* 2022 Op. & Order at 3–5.) Because Gil contends that the Court failed to consider his argument that if he were sentenced today, he would receive a lesser

sentence than life imprisonment because the Guidelines are no longer mandatory, and contends that similarly situated defendants do not receive comparable sentences today, the Court outlines its reasoning with respect to that argument here.

Assuming, without deciding, that Section 1B1.13(b)(6) is valid, Gil fails to establish that an extraordinary and compelling reason exists on the basis of that Section.[1]  Gil's sentence of life imprisonment imposed pursuant to the-then mandatory Guidelines is not grossly disparate relative to the sentence that would likely be imposed today now that the Guidelines are advisory. Gil's Guideline Range when he was sentenced was life imprisonment, and Gil's Guideline Range is the same today.  (*See* Gov't Suppl. Letter at 11–12.)  Even though the Court would have the discretion to depart downward today, the Court would not depart downward in Gil's case because: (1) Gil's crime was extraordinarily serious, involving the distribution of at least 1,653 kilograms of cocaine over a period of approximately four years; (2) numerous firearms were recovered from the horse ranch that was the base of Gil's narcotics operations; (3) the Court credited trial evidence that Gil ordered the murder of one of his subordinates, Jairo Uribe (who was in fact murdered), even though Gil was not separately charged for that conduct; and (4) the Court also found that, during trial, Gil offered fabricated physical evidence and perjured testimony.[2]  (*See* Op. & Order at 4.)

---

[1] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.  Although Gil filed his motion before Section 1B1.13(b)(6) became effective, Gil argues essentially that an extraordinary and compelling reason justifying his release exists on the basis of that Section.  The Court denies Gil's motion because he has not demonstrated that an extraordinary and compelling reason exists on the basis of the amended Guidelines.  However, even if the Court did not consider the new Guidelines binding and had ruled on Gil's motion under the standards articulated in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) before the amended Guidelines became effective, the Court would have denied Gil's motion for the same reasons discussed *supra*.  *See United States v. Nguyen*, No. 03-CR-734, 2023 WL 8368855, at *3 n.2 (S.D.N.Y. Dec. 4, 2023) (Cronan, J.) (noting similarly that "[u]nder the terms most favorable to [the defendant] under either [*Brooker* or the amended version of U.S.S.G. § 1B1.13], the outcome would be the same: [defendant] has not offered extraordinary and compelling reasons warranting a sentencing reduction.").

[2] The Court's decision is informed further by the Sentencing Commission's sentencing data.  As the Government points out, between 2018–2022, "20 federal criminal defendants were sentenced who—like Gil—met the following

Because Gil's sentence is not grossly disparate relative to the sentence likely to be imposed today, the Court finds that he has not demonstrated that an extraordinary and compelling reason exists to justify his release.  Gil has also not demonstrated that an extraordinary and compelling reason exists on any other basis, as the Court held previously in denying his second motion for compassionate release.[3]

## CONCLUSION

For the foregoing reasons, Gil's motion for reconsideration is DENIED.

The Clerk is respectfully directed to close the pending motion at ECF No. 560 and mail a copy of this Opinion and Order to Gil.

SO ORDERED.


Dated: New York, New York
          June 07, 2024                                              /s/ Kimba M. Wood
                                                                  KIMBA M. WOOD
                                                            United States District Judge

---

criteria: the primary Guideline was § 2D1.1 (for narcotics offenses), the primary drug type was cocaine, the final Offense Level was 43, and the Criminal History Category was I, resulting in a Guidelines range of life imprisonment." (Gov't Suppl. Letter at 11–12.)  Approximately 46% of those defendants received sentences of life imprisonment.  (*Id.* n.7.)  Although the Sentencing Commission's data reflects that a majority of similarly situated defendants do not receive sentences of life imprisonment today, it serves as evidence that there is not a gross disparity between Gil's sentence and the sentence likely to be imposed today.  *See United States v. Fermin*, No. CR 96-114, 2024 WL 1479155, at *5–6 (D.N.J. Apr. 5, 2024) (Kugler, J.).  The Sentencing Commission's sentencing data for fiscal years 2019–2023 reflects that a smaller percentage of similarly situated defendants received sentences of life imprisonment, but it does not alter the Court's conclusion.  *See Judiciary Sentencing Information*, U.S. Sent'g Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited June 07, 2024.)

[3] The Court reiterates its belief that the Section 3553(a) factors do not support Gil's release for largely the same reasons outlined in the Court's decision denying Gil's first motion for compassionate release.  (*See* Op. & Order at 4–5.)  As the Court stated, Gil's "positive attributes do not overcome the grave harm that [Gil] caused by distributing such a large quantity of cocaine."  (*Id.* at 4.)